## Kellogg-Mackay-Cameron Co. v. William Schmidt Baking Co. et al.

1. INSOLVENCY—*Defined.*—An insolvent is one unable to pay his debts as they fall due in the usual course of trade or business.

**Attachment and Garnishee Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 18, 1902.

July 13, 1900, an action of assumpsit was brought in the Circuit Court by Kellogg-McKay-Cameron Company against William C. Hill. A writ of attachment in aid was issued, and July 14, 1900, was served on William Schmidt Baking Company as garnishee. The answer of William Schmidt Baking Company, as garnishee, was such that October 31, 1900, judgment by default having been entered against William C. Hill for the sum of $4,417.99 and costs, with an order for general and special execution, on the same day judgment was entered against the garnishee, William Schmidt Company, on its answer, for the sum of $238.65.

November 1, 1900, William Schmidt Baking Company moved that the judgment entered against it as garnishee be vacated and set aside, and that the attachment be dissolved and the garnishee dismissed. The same day an order was entered reciting that William C. Hill had been adjudged a bankrupt under the bankruptcy laws of the United States, and that said attachment was issued against him as being insolvent less than four months prior to said adjudication. The order vacated the judgment against the garnishee, dissolved the attachment and discharged the garnishee. The plaintiff saved an exception to the entering of this order and prayed and perfected this appeal therefrom.

The only evidence introduced on the hearing of the motion to vacate said judgment, was the motion itself, which was verified. This verified motion set forth that the defend-

210    APPELLATE COURTS OF ILLINOIS.

VOL. 101.] Kellogg-Mackay-Cameron Co. v. Wm. Schmidt Baking Co.

ant, William C. Hill, filed his voluntary petition in bankruptcy upon the 12th of October, 1900, and was adjudged a bankrupt on the 18th of October, 1900, and that said bankruptcy proceedings are still pending in the United States District Court; and also set forth the following:

" This garnishee further shows that by adjudication above mentioned, the attachment in this case, having been levied less than four months before said communication, became absolutely null and void."

PARKER & PAIN, attorneys for appellant.

GREEN, HONORE & PETERS, attorneys for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellees contend that the foregoing verified statement that by the adjudication in bankruptcy the (" communication ") attachment became null and void, amounts to an allegation that Hill was insolvent within four months prior to the attachment proceeding against him; and that if he were not, the affiant is guilty of perjury.

By a species of casuistry the statement may be made to amount to such charge, but that the maker of the affidavit could be convicted of perjury if Hill were shown not to have been insolvent within four months prior to the attachment is not the case.

In stating that because of the "adjudication" of bankruptcy the attachment became absolutely null and void, the affiant merely gave his conclusion, from a certain fact, as to what he thought the law was.

The affidavit was insufficient as showing the insolvency claimed. Had the insufficiency of the affidavit in this regard been called to the attention of the court it might have allowed a new and sufficient affidavit to have been filed.

The court had upon the hearing of this motion not only this affidavit but all the files of the cause; it was the duty of the court on this hearing to consider all that had in the suit, theretofore, been done, and this, it must be presumed

Kellogg-Mackay-Cameron Co. v. Wm. Schmidt Baking Co.

in favor of its action, it did, whether the preceding affidavits, judgment and files were then specially called to its attention or not.

The files showed an affidavit by the plaintiff charging that Hill was about to fraudulently dispose of his property so as to hinder and delay his creditors. Such contemplated conduct is quite inconsistent with solvency. The affidavit of the plaintiff set forth that Hill was indebted to it in het sum of $4,417; upon an open account for goods sold and delivered and upon certain promissory notes and checks, the declaration set forth the same; attached thereto were copies of four past due promissory notes amounting to over $2,300, and two checks amounting to over $800; these were followed by the affidavit of the treasurer of the plaintiff that Hill, upon such account, notes and checks, was indebted to the plaintiff, after allowing to him all just credits, deductions and set-off, the sum of $4,417.99. The court record showed a judgment, October 31st, upon this declaration, in favor of the plaintiff and against Hill for $4,417.99, with general and special execution.

The foregoing were proceedings had at the instance of the plaintiff in its suit against the party whose solvency was under consideration upon the motion to vacate the judgment against the garnishee.

In the face of its affidavits and judgment, appellant can hardly contend that Hill was not by it averred to be and proceeded against as insolvent at the beginning and during its attachment suit.

An insolvent is one unable to pay his debts as they fall due in the usual course of trade or business. 2 Kent's Com. 389; 2 Blackstone's Com. 285; Bouvier's Law Dictionary.

The evidence supplied by the plaintiff, existing upon the files and record of the court, showing that Hill was at the commencement of the attachment proceeding insolvent, was full and complete.

The order of the Circuit Court is affirmed.