### In re BEALS.

(District Court, D. Indiana. June 17, 1902.)

#### No. 160.

1. GARNISHMENT—DUTY OF GARNISHEE TO DISCLOSE EXEMPTIONS.
    Where garnishment proceedings are in their nature ex parte, the defendant having been served only by publication, and having no actual notice of the suit, and the garnishee has knowledge that the property or credits in his hands are exempt, it is his duty to interpose such defense; otherwise a judgment rendered against him, or his payment of the money into court, will not discharge his liability to the defendant.

2. BANKRUPTCY—EFFECT OF ADJUDICATION—DISCHARGE OF JUDGMENT AGAINST GARNISHEE.
    Under Bankr. Act 1898, § 67f, an adjudication in bankruptcy, whether in voluntary or involuntary proceedings, renders void a judgment against a garnishee rendered in an action brought against the bankrupt within four months prior to the filing of the petition, and when he was insolvent, and discharges the garnishee from liability thereon, and such judgment must thereafter be treated as a nullity whenever drawn in question, whether directly or collaterally.

In Bankruptcy. On petition for review of an order of the referee.

Zollars, Worden & Zollars, for Pennsylvania Co.
K. C. Larwill and Guy Colerick, for bankrupt.

BAKER, District Judge. A petition was filed by Thomas C. Beals, a bankrupt, to procure an order from the court enjoining and restraining the Pennsylvania Company from paying into the court of Jarvis Blume, a justice of the peace of Cook county, Ill., the sum of $45.06 on a garnishee judgment, and also requiring said company to pay into the bankruptcy court the sum of $65.20, owing by the said company to the bankrupt for wages. The referee to whom this matter was referred heard the same, and granted an injunction as prayed, and ordered the Pennsylvania Company to pay into the bankruptcy court the sum of $65.20, being the amount of wages owing by it to the bankrupt. The order so made by the referee is brought here by the Pennsylvania Company for review. The Pennsylvania Company has set out in its answer the reasons why said order ought not to have been made, and it insists that the referee erred in holding that the facts set out in the answer were insufficient to bar the bankrupt's prayer for an injunction and other relief. The answer alleges that prior to the filing of his petition to be adjudged a voluntary bankrupt the said Beals was indebted to one William J. Barr in the sum of $56 on an account for groceries; that Barr assigned said account to one William Shaw, a resident of Illinois, for a valuable consideration; that before the commencement of the proceedings in bankruptcy said Shaw instituted an action in attachment and garnishment according to the laws of Illinois before one Jarvis Blume, a justice of the peace of Cook county, Ill., said cause being entitled "William J. Barr, for the Use of William Shaw, against Thomas C. Beals and the respondent the Pennsylvania

¶ 1. See Garnishment, vol. 24, Cent. Dig. § 440.

Company," said company being made a garnishee defendant; that the plaintiff in said action was named in the manner and form required by the statutes and practice of the state of Illinois to enable an assignee to maintain an action upon an assigned account or claim; that immediately upon the filing of the papers in said cause, and before the filing of the petition in bankruptcy, a summons was issued directing a constable having authority in such matters to serve the same on said Beals, and to take into the possession of said constable any moneys, credits, and other personal property of said Beals that might be found in said Cook county, Ill., and also commanding him to summon the Pennsylvania Company to answer as to any money which it might owe to said bankrupt, or as to any property of said bankrupt which it might have in its possession; that before the commencement of the proceedings in bankruptcy said writ was served upon the Pennsylvania Company, and was returned as to the said Beals "Not found"; that thereupon the justice of the peace, as required by the statutes of the state of Illinois, immediately prepared a notice, and caused the same to be posted up at three different places in the neighborhood of the office of said justice, directed to the defendant, Thomas C. Beals, and stating therein the fact that an attachment had been issued at the instance of William Shaw, the amount claimed to be due, and the time and place of trial, said place of trial being fixed in said notice as the office of the said justice of the peace, and the time for trial being fixed therein on May 14, 1902; said notice also stated that, unless said Beals should appear at the time and place fixed for trial, judgment would be entered by default, and the property and credits of said Beals attached would be ordered sold or paid into court for the satisfaction of said claim,—which notice was delivered to a duly authorized constable, who posted three copies of the same at three public places in the neighborhood of the office of said justice more than 10 days prior to May 14, 1902; that prior to May 14, 1902, the constable returned to said justice said notice, with an indorsement thereon stating the time when and places where he had posted said notices; that in obedience to said summons and notice served upon it the Pennsylvania Company made answer to said justice of the peace that it was indebted to said bankrupt in the sum of $65.20; that on May 14, 1902, said Beals not appearing, but making default, judgment was rendered against him in favor of said Shaw in the sum of $45.06, including costs, and thereupon judgment was rendered against the Pennsylvania Company for said sum of $45.06, and it was ordered and directed by said judgment to pay the same into the court of said justice of the peace; that said judgments by said justice of the peace were duly and legally rendered, and are in full force and effect. The petition of the bankrupt to which the above answer was filed shows that he was a resident householder of this state at the time of the commencement of said proceedings in attachment and garnishment, and that the money garnished in the hands of the Pennsylvania Company was for wages due him as an employé of that company, and that the entire property owned by him, including said wages, was less than $600 in value. The answer does not deny these facts, and hence they must be taken as true.

As a general rule, the garnishee occupies merely the position of a disinterested stakeholder between the plaintiff and the defendant, and is only required to see that a regular and valid judgment is rendered charging him as garnishee, and is not bound to interpose for the defendant a defense to the merits. Good faith and fair dealing, however, require that the garnishee, in making his answer of disclosure, should state every fact within his knowledge which may aid the court in determining whether the garnishee should be required to pay the money into court for the use of the plaintiff. In most jurisdictions, in accordance with this principle, it is declared to be the duty of the garnishee to set up in his answer the exemption rights of the defendant, if he is aware of them. Such was the duty of the Pennsylvania Company when garnished in a court of the state of Illinois, as adjudged by the supreme court of that state in Railroad Co. v. Ragland, 84 Ill. 375. The Pennsylvania Company did not perform the duty so imposed upon it by the law of the state of Illinois. It failed to set up the bankrupt's right to claim his wages as exempt under the laws both of Indiana and of Illinois. If this claim had been set up by the Pennsylvania Company in its answer of disclosure, it is hardly likely that it would have been denied by the justice of the peace. If, however, the justice of the peace had decided against the right of exemption when thus set up, in my opinion the Pennsylvania Company would have performed its full duty to the bankrupt, and would not have been required to prosecute his claim to exemption further. In this case the proceedings in the court of the justice of the peace were ex parte, and the notice to the defendant, if valid for any purpose, was of such a character as not likely to come to the knowledge of the defendant, as it did not in fact come to his knowledge until after judgment had been rendered against him. "It has generally been held that, if the proceedings are in their nature ex parte,—that is, when the defendant is not served with notice of the garnishment proceedings, or when such notice is given to him only by publication,—and the garnishee is aware of the fact that the property or credits in his hands are exempt, it then becomes his duty to disclose such fact, and interpose the defendant's exemption rights; otherwise the payment by him into court, or of a judgment charging him as garnishee, will not relieve him from subsequent liability to the defendant." This is the doctrine of the courts in most of the states of the Union, including the states of Indiana and Illinois. See 14 Am. & Eng. Enc. Law (2d Ed.) 855, and cases cited in note 6. For this reason the facts set up in the answer of the Pennsylvania Company fail to show a judgment against it which relieves it from its liability to pay the wages due to the bankrupt to the trustee in bankruptcy when appointed.

There is another reason why, in my opinion, the Pennsylvania Company cannot successfully avail itself of the proceedings and judgment in the court of the justice of the peace in Cook county, Ill., as a defense to the petition of the bankrupt. The bankrupt was insolvent on and before May 14, 1902, when the judgment invoked by the Pennsylvania Company was rendered. On May 21, 1902, the said Thomas C. Beals was duly adjudged a bankrupt by this court. The bankruptcy act (section 67, cl. "f") explicitly declares: "That all levies, judg-

ments, attachments or other liens obtained through legal proceedings against a person who is insolvent at the time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same." This provision, although in terms applying to a petition filed against a bankrupt, has been held to embrace voluntary as well as involuntary petitions in bankruptcy. The adjudication of bankruptcy proceeds in rem, and all persons interested in the res are regarded as parties to the bankruptcy proceedings. These parties include not only the bankrupt and trustee, but also all the creditors of the bankrupt. As the decree operates in rem, from the moment of adjudication the bankrupt's estate is in custodia legis and under the jurisdiction of the bankruptcy court. Carter v. Hobbs (D. C.) 92 Fed. 594. The moment that Thomas C. Beals was adjudged a bankrupt, the statute operated ex proprio vigore to nullify and render void the judgment set up in the answer of the Pennsylvania Company, and to wholly release and discharge the debt due the bankrupt from such judgment. On what principle can this court hold the judgment to be of any force and effect in the face of a valid statute which declares such a judgment to be a nullity? The adjudication under this statute wipes out the judgment of the justice as effectually as though it never existed, and releases and discharges the debt due the bankrupt from the garnishee judgment as completely and effectually as would a formal release executed by the judgment plaintiff. In obedience to the positive mandate of the statute, the court must deem the attachment null and void, and the wages due the bankrupt wholly released and discharged from the same. It is too firmly settled to be open to doubt that, if a garnishee pays over money on a void judgment, he must bear the loss. He will not be heard to say that he paid it in obedience to a valid judgment after notice and knowledge that the judgment has been rendered null and void by operation of law. The adjudication having rendered the judgment against the bankrupt and the Pennsylvania Company null and void, it must be treated as a nullity whenever and wherever drawn in question, either in a direct or in a collateral proceeding. Here the judgment is drawn in question collaterally, and its nullity results from the subsequent adjudication by this court of Thomas C. Beals as a bankrupt. The statute declares that such shall be the effect of the adjudication on the judgment of the justice of the peace. The argument ab inconvenienti is without force. The judgment having been rendered null and void by the adjudication, if the plaintiff in that judgment should procure the justice of the peace to issue an execution against the Pennsylvania Company, the plaintiff, the justice, and the constable to whom the writ was delivered would be wrongdoers, and, if the property of the company were seized on such execution, they would be liable to an action as trespassers. The law imposes on every person the duty of protecting himself against the tortious acts of third persons, and the duty to do so, in legal contemplation, casts no wrongful burden upon him. As the property of the bankrupt is in the custody of the court, it is the duty of the court to protect it until its

final disposition. It is a matter of no concern to the Pennsylvania Company what disposition of it shall ultimately be made by the court.

The Pennsylvania Company has not challenged the jurisdiction of the court to order it to pay the money due the bankrupt into court, except on the ground that the garnishee judgment is valid and binding upon it; and, the court being of opinion that that judgment has been annulled, it follows that the order of the referee should be affirmed. The court expresses no opinion on the question whether a summary order could properly have been made requiring the Pennsylvania Company to pay the money into the bankruptcy court if the authority of the court to make such an order had been properly and seasonably presented. No such question was presented by the answer, and therefore, without considering that question, the order of the referee is affirmed.