# Hobbs, *et al. v.* Thompson.

### *Garnishment.*

(Decided May 25, 1909.   49 South. 787.)

*Bankruptcy; Dissolution of Garnishment.*—Garnishment proceedings begun in a state court within four months of the bankruptcy proceedings is dissolved by the adjudication of the principal defendant to be a bankrupt and authorizes a dismissal of the garnishment proceedings on motion of the garnishee.

(Mayfield, J., dissents.)

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NeSMITH.

Garnishment proceedings begun by Isham D. Hobbs as trustee and others against Von L. Thompson as president, etc. The proceedings were dismissed on motion of the garnishee, the principal defendant having been adjudged a bankrupt within four months of the garnishment proceedings. From this judgment plaintiff appeals. Affirmed.

STERLING A. WOOD, for appellant. The adjudication of bankruptcy did not necessarily dissolve the garnish-

ment.—6 Am. Bank. Rep. 409; 7 Ib. 504; Section 67 and 67-F Bank. Act; 11 Am. Bank. Rep. 438; 18 Ib. 130.

C. B. POWELL, for appellee.—The dissolution of the garnishment was accomplished by the filing of the petition and adjudication of bankruptcy.—*Sullivan v. Rabb*, 86 Ala. 433; *Conser v. Long*, 104 U. S. 228.

MAYFIELD, J.—The important, if not the sole, question involved on this appeal is: Does the adjudication of the defendant in garnishment to be a bankrupt discharge the garnishee, thereby dissolving the garnishment proceeding in a state court, when begun within four months of the bankruptcy proceeding, and authorizing the dismissal of the garnishment proceeding on motion of the garnishee? To this question the writer answers: "No." A right of action to recover a debt is not wholly extinguished, for all purposes, by a discharge in bankruptcy. The effect of a discharge in bankruptcy is very much like the effect of the statute of limitations. It extinguishes and bars an action thereon only when it is set up as a defense or bar at the proper time and in the proper manner. Its efficacy may be lost or waived by a failure to so assert it. It is a defense personal to the bankrupt, and which he must plead specially in the manner and time prescribed. It would not be available to him on a mere motion, and not by a third party, and certainly not (as in this case) by one who claims against, and not through, him. Because a bankrupt is or may be discharged from debt is no sufficient reason why his debtors are discharged from their debts due him or due his estate in case of his death or bankruptcy.

The debt due the bankrupt in this case was certainly a part of his estate, and should be subjected to the claims of his attaching creditor, who acquired a lien,

inchoate as it is, by garnishment; or, if not, then it can and should be subjected by the assignee in bankruptcy for the benefit of all the creditors alike. I am wholly unable to see what right the garnishee has to ask to be discharged because the defendant in the main suit (the creditor in the garnishment proceedings) has been adjudicated a bankrupt. The defendant himself could not discharge him if he would. His assignee in bankruptcy succeeds to all his rights in and to the debt. It is a part of the estate, subject to be collected and administered by him, and with which he is chargeable as trustee for the creditors of the bankrupt. By what right the garnishee, who has property of the bankrupt in his possession, or to whom he owes a debt, can or should be discharged from liability, because of the bankruptcy of the defendant, is more than I can understand. What effect the bankruptcy of the defendant can have on a garnishment proceeding in a state court, in which the bankrupt is the defendant, except to authorize the defendant's assignee to intervene there to protect the defendant's original interest, for the benefit of the estate to which he, the trustee, succeeded by reason of the bankruptcy proceedings, it is unnecessary for me to decide, except to hold that it does not ipso facto dissolve the garnishment proceedings, nor authorize the court to dismiss the same upon the motion of the garnishee.—*Bank of Commerce v. Elliott,* 109 Wis. 648, 85 N. W. 417; *Two Rivers Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232, 17 Am. St. Rep. 131; *In re McCartney* (D. C.) 109 Fed. 621.

It follows that the trial court erred in dissolving the garnishment proceeding on the motion of the garnishee over the protest of the plaintiff and the assignee.

The other Justices are of the opinion that the bankruptcy statute ex proprio vigore, under the facts in this case, dissolved the garnishment, and that it was, there-

[Shapiro v. Thompson.]

fore, not error for the court to dismiss it on the motion of the garnishee. The judgment of the court is therefore affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON, ANDERSON, DENSON, and SAYRE, JJ., concur. MAYFIELD, J., dissents.