## FINNEY *et al. v.* KNAPP COMPANY.

1. Where within four months prior to the filing of a petition in bankruptcy against a corporation, followed by an adjudication that it was a bankrupt, and while it was insolvent, a creditor obtained a judgment against it, and in the bankruptcy proceedings there was no order for the preservation of the lien of the judgment for the benefit of the estate, such lien was, by section 67 f of the bankruptcy act of 1898, rendered "null and void." Accordingly, it could not be levied on and subject property of the bankrupt's estate which was sold by the trustee under order of the bankruptcy court.

2. If a debt was not scheduled in bankruptcy, and the creditor had no notice or knowledge of the proceedings in bankruptcy, and did not prove its claim, the debt due to it would not be discharged by the discharge in bankruptcy. But this would not operate to preserve the lien of a judgment rendered within four months before the filing of the petition in bankruptcy against the debtor, followed by an adjudication in bankruptcy, and while the debtor was insolvent, so as to subject the property of the bankrupt sold by his trustee under due order. Nor would knowledge by the purchaser at a sale of the property of the bankrupt, under proper order, or the fact that the purchaser may be a stockholder in the bankrupt company, have the effect to preserve such lien.
         JUNE 20, 1916.

Claim. Before Judge Park. Baldwin superior court. January 22, 1915.

*D. S. Sanford,* for plaintiffs in error.

*Livingston Kenan,* contra.

LUMPKIN, J. Knapp Company obtained a judgment against the Union Dry Goods Company, on February 27, 1913, in a county court. Certiorari was taken out, but was dismissed on August 13 thereafter, and execution was issued on October 8, 1913. In the meantime, on May 20 (written 1914, but from the context evidently 1913), a petition in involuntary bankruptcy was filed against the Union Dry Goods Company, and it was adjudicated a bankrupt. A trustee was appointed; and under order of the court of bankruptcy he sold the property of the bankrupt, the order specifying that the sale should be free from liens. The sale took place in June. After the dismissal of the certiorari in the superior court, an execution issued and was levied on the goods. A claim was interposed by persons who had bought the property from the purchaser at the sale of the trustee in bankruptcy. At the time when the judgment was obtained the defendant was insolvent. The purchasers at the sale and the claimant were stockholders in the bankrupt corporation. There was substantially no issue in regard to the facts. The presiding judge directed a verdict in favor of the plaintiff, and the claimants excepted.

Treating the judgment as of the date when it was originally rendered, it was within four months of the filing of the petition which was followed by the adjudication in bankruptcy, and when it was obtained the defendant was insolvent. Under section 67 f of the bankruptcy act of 1898 (Collier on Bankruptcy, 9th ed. 1358), the lien of such judgment obtained by the plaintiff against the defendant was "null and void," and the property affected by it passed to the trustee as part of the estate of the bankrupt. There was no order of the court of bankruptcy in this case seeking to preserve the lien for the benefit of the estate. Nor was the right of any bona fide purchaser under the judgment involved. The fact that the debt was not scheduled and that the creditor did not have notice or knowledge of the proceedings in bankruptcy, and did not prove its claim, would prevent a discharge of the debt by the discharge in bankruptcy. Bankruptcy Act of 1898, § 17, Collier on Bankruptcy (9th ed.), 1343. But this would not operate to

preserve the lien of the judgment rendered within four months prior to the filing of the petition in involuntary bankruptcy, and while the bankrupt was insolvent. There is a difference between preserving the lien of a judgment and declaring that the debt is not discharged if it is not scheduled and the creditor has no notice or knowledge of the proceedings. A debt due to a creditor may be preserved, but the lien of a judgment rendered within four months of the commencement of the bankruptcy proceeding, and while the bankrupt is insolvent, may nevertheless be destroyed. The two things are not necessarily inconsistent. In the present case, the judgment having been rendered in the county court within four months of the filing of the petition in bankruptcy, and while the debtor was insolvent, and its lien not having been preserved by any order of the court of bankruptcy for the benefit of the estate, such lien was destroyed, under the provisions of the bankruptcy act. Whether the judgment fixed the debt as a debt of record is not now in question. The lien on the property of the bankrupt was lost, and the purchaser at the trustee's sale took the property free from it.

Knowledge or notice of the judgment by the purchasers or the present claimants would not alter the case; nor would the fact that, as stockholders of the bankrupt corporation, they might be charged with notice of its conduct. It may be somewhat unsatisfactory to have a debt, without a lien, antedating the commencement of the bankruptcy proceeding; but that fact can not change the law.

If the judgment should be treated as dating from the dismissal of the certiorari and the judgment then rendered thereupon, still the plaintiff would be in no better position, because in that event the property of the bankrupt would have passed to his trustee and been sold before the judgment was obtained.

*Judgment reversed. All the Justices concur.*