# Greenberger et al., Appellants, *v.* Schwartz et al.

*Bankruptcy—Bankruptcy Act, Section 67f—Construction—Liens —Judgments—Void liens.*

1. An adjudication of bankruptcy ipso facto renders null and void all liens obtained through legal proceedings against the bankrupt within four months prior to the filing of the petition in bankruptcy against him. Whether the bankrupt's estate is administered by a trustee or there is a composition by the bankrupt with his creditors, the effect of a discharge in bankruptcy is the same, if the composition is confirmed by the court.

2. In proceedings to determine the validity of the lien of a judgment entered against a partnership and the individual members thereof, where it appeared that within four months after the judg-

ment had been entered, proceedings in bankruptcy were instituted against the firm and its individual members, and that they were subsequently adjudged bankrupts and filed schedules wherein they named plaintiffs as creditors, and thereafter made a composition with their creditors which was confirmed by the bankruptcy court and was carried out by the bankrupts, the lower court properly held that the judgment which had been entered was rendered void by the bankruptcy proceedings.

Argued Feb. 25, 1918. Appeal, No. 315, Jan. T., 1917, by plaintiffs, from order of C. P. Lackawanna County, Nov. T., 1915, No. 167, on issue to determine the validity of the lien of a judgment, in case of Israel Greenberger, Leo Frishman, Max Judkovicz, doing business as Greenberger & Co. v. M. Schwartz & Jacob Rosenfeld, doing business as Schwartz & Rosenfeld. Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Issue to determine the validity of the lien of a judgment.

Exceptions to the report of .R. W. Archbald, Esq., referee. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The referee found in favor of the defendants.

The court dismissed the exceptions to the report of the referee. Plaintiffs appealed.

*Errors assigned* were in dismissing the exceptions.

*William J. Fitzgerald,* with him *John P. Kelly,* for appellants.—The lien of the judgment was not void but voidable: First Natl. Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 592; Lamorelle v. Nass, 30 Pa. Superior Ct. 190; Frazee v. Nelson, 179 Mass. 456, 61 N. E. 40; Rochester Lumber Co. v. Locke, 72 N. H. 22, 54 Atlantic 705.

*L. R. Levy,* for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, May 6, 1918:

Moses Schwartz and Jacob Rosenfeld were partners, doing business in the City of Scranton, under the firm name of Schwartz & Rosenfeld. On June 17, 1912, Rosenfeld executed and delivered, in the name of the firm, to Greenberger & Co., a promissory note, containing a confession of judgment, for $2,525.55, payable to their order two months after date. At the time this note was executed Schwartz & Rosenfeld were neither insolvent nor in contemplation of bankruptcy. On October 7, 1916, the appellants entered judgment on the note against the defendants individually and as a firm, but the same was subsequently stricken off as to Schwartz, who had not signed the obligation, and was opened as to Rosenfeld and the firm of Schwartz & Rosenfeld, to enable them to set up the defense of a discharge in bankruptcy. At the date of the entry of the judgment the said firm and the two individual members thereof were insolvent within the meaning of the bankruptcy act, and this was well known to the appellants. On November 4, 1915, within a month after the said judgment had been entered, a petition in bankruptcy was filed by the creditors of the firm of Schwartz & Rosenfeld, in the District Court of the United States for the Middle District of Pennsylvania, against the defendants as a firm and as individuals, and, on the 26th of the same month, they were duly adjudged bankrupts by said court. They subsequently filed their schedules in the bankruptcy proceedings, and named the plaintiffs therein as creditors. On January 10, 1916, the defendants in due form offered a composition to their creditors, which was thereafter duly confirmed by the said District Court, and was carried out by the defendants as bankrupts. The issue on the opened judgment was referred to a very learned referee, by whose report judgment was directed to be entered for the defendants, on the ground that, under the bankrupt act, the judgment entered by the appellants was null and void, and, from the judgment so entered by the court be-

low in confirming the report of the referee, there is this appeal by Greenberger & Co. On it two questions are raised: (1) Is the lien of a judgment entered against an insolvent debtor within four months of bankruptcy proceedings absolutely void or only voidable? and (2) If it be voidable can it be attacked by the bankrupt after the termination of bankruptcy proceedings as to nonexempt property? If the first question was properly answered by the referee and the court below, in holding that the lien of the judgment was void, the second is not in the case.

Section 67f of the Bankruptcy Act provides: "All levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt."

An adjudication of bankruptcy ipso facto renders null and void all liens obtained through legal proceedings against the bankrupt within four months prior to the filing of the petition in bankruptcy against him. Whether the bankrupt estate is administered by a trustee or there is a composition by the bankrupt with his creditors, the effect of a discharge in bankruptcy is the same, if the composition is confirmed by the court: Section 14c Bankruptcy Act. In view of the plain words of section 67f of that act, the referee was of opinion that the judgment in question was null and void. In so holding he regarded Chicago, Burlington & Quincy Railroad Company v. Hall, 229 U. S. 511, as controlling, and simply followed it in making his report. While the question in that case was as to the liability of property of a bankrupt, exempt by the laws of his own state, to attachment proceedings instituted in another state within four

months of the filing of the petition in bankruptcy, the Supreme Court of the United States said of the said section 67f: "Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months' period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void. That universal language is not restricted by the later provision that 'the property affected by the......lien shall be released from the same and pass to the trustee as a part of the estate of the bankrupt.'" In thus construing the said section of the bankruptcy act, the only construction of which it is susceptible was given to it, and nothing more need or can be said in dismissing this appeal.

Judgment affirmed.