## In re WHITLEY.

(District Court, W. D. Tennessee, E. D. November 15, 1924.)

No. 1280.

**1. Bankruptcy ⊜347—Sheriff levying on property of bankrupt, but not making sale before institution of bankruptcy, not entitled to claim commissions on sales.**

Under Bankruptcy Act, § 67f (Comp. St. § 9651), and under Shan. Code Tenn. §§ 6352, 6356, 6402, subsecs. 18, 19, 21, a sheriff cannot claim commissions under executions levied on real estate of voluntary bankrupt within four months prior to bankruptcy, where no sale was had, though sale was pending, at institution of bankruptcy proceedings.

**2. Bankruptcy ⊜347—Sheriff's fees for levying execution not entitled to priority.**

Under Bankruptcy Act, § 67f (Comp. St. § 9651), and Tennessee statutes, a sheriff is not entitled to priority for fees for levying executions on real estate of voluntary bankrupt within four months prior to institution of bankruptcy proceedings.

In Bankruptcy. In the matter of J. B. Whitley, bankrupt. Claim by the sheriff of Hardeman county, Tenn., for fees and commissions, was disallowed in part, and priority denied, by the referee, and claimant petitions to review. Referee's report confirmed.

C. A. Miller, of Bolivar, Tenn., for bankrupt.

Alan Prewitt, of Bolivar, Tenn., for trustee.

ROSS, District Judge. The sole question presented for determination in this matter is whether or not a sheriff in Tennessee is entitled to priority for fees and commissions claimed by reason of executions levied on real estate of a voluntary bankrupt within four months prior to the date of the filing of the petition in bankruptcy, where the property levied on had not been sold, but sale thereof was pending at the time of the institution of the bankruptcy proceedings.

On the 11th day of April, 1923, the sheriff of Hardeman county, Tenn., levied two executions, issued out of the chancery court of Hardeman county, upon lands of J. B. Whitley, to satisfy judgments in said court. The lands were duly advertised for sale, but prior to the date of sale, and on the 10th day of May, 1923, Whitley filed his voluntary petition, and was duly adjudicated a bankrupt. Thereupon the sheriff filed his claim for the sum of $450.78, claimed as fees and commissions due him out of the estate, as a priority, by reason of the levy of the executions in his hands and the proceedings thereunder. The judgments upon which the executions were based were rendered January 19, 1923. At the time of the rendition of the judgments and the levy of executions Whitley was insolvent.

The referee disallowed outright the claim as to commissions, allowed the claim for $2 for the levy of the executions, but denied the sheriff priority for this amount. Petition for review was filed, and the record was duly certified.

This has been a much-mooted question, and it may be said that the authorities are not satisfactorily clear, so that it may be definitely stated what the weight of authority is.

Section 67f of the Bankruptcy Act of 1898, the same being chapter 541 of the Acts of 1898, passed July 1st (30 Stat. 544, at page 565, 9 U. S. Comp. Stat. § 9651, p. 11007, at page 11638), provides: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed 'null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other liens shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate. * * * *"

Under the Bankruptcy Act of 1867 (14 Stat. 517), such judgments, although followed by execution and levy, were not affected by bankruptcy. In re Gold Mountain Min. Co., Fed. Cas. No. 5,515; In re Winn, Fed. Cas. No. 17,876. However, under the act of 1867 it appears that rights such as the one here claimed were, as stated by Collier on Bankruptcy (13th Ed.) vol. 2, p. 1482, § 6, "quite uniformly" determined against such claims. In re Davis, Fed. Cas. No. 3,616; Zeiber v. Hill, Fed. Cas. No. 18,206; In re Fortune, Fed. Cas. No. 4,955; In re Preston, Fed. Cas. No. 11,394; In re Jenks, Fed. Cas. No. 7,276; In re Ward, Fed. Cas. No. 17,145; In re Hatje, Fed. Cas. No. 6,215. While under the present law the decisions as to similar questions "quite evenly balance." In re Lewis (D. C. Mass.) 4 Am. Bankr. Rep. 51, 99 F. 935; In re Beaver Coal Co. (C. C. A. 9th Cir.) 7 Am. Bankr. Rep. 542, 113 F. 889, 51 C. C. A. 519, affirming (D. C.) 6 Am. Bankr.

Rep. 404, 107 F. 98; In re Young (D. C. N. Y.) 2 Am. Bankr. Rep. 673, 96 F. 606; In re Allen (D. C. Cal.) 3 Am. Bankr. Rep. 38, 96 F. 512; Matter of Moncrief Mfg. Co. (Ref. R. I.) 31 Am. Bankr. Rep. 674; Matter of Hessler Foundry & Mfg. Co. (D. C. N. Y.) 43 Am. Bankr. Rep. 246. For a, review of the cases, see In re Jennings (Ref. N. Y.) 8 Am. Bankr. Rep. 358. The same authority states that, in determining the rights of a sheriff under a question such as that now being presented, the first matter for consideration is as to·whether the sheriff has a lien for his fees at the time the petition is filed. (2) "If so, is it a lien that survives the bankruptcy? In either event, the property comes to the trustee charged with such lien, and the sheriff's fees must be paid; or, if the sheriff has no lien or it is avoided by the bankruptcy, (3) is there any state statute that gives the sheriff a priority? If not, his claim to priority for his fees will be disallowed. * * *"

Under the laws of Tennessee (Shannon's Code, § 6352) "no officer is allowed to demand or receive fees or other compensation for any service further than is expressly provided by law." And under section 6356 of the same the statute provides: "No officer is entitled to demand or receive fees allowed by law until the duty or service for which they are granted is performed, unless otherwise expressly provided by law." Construing this statute, it· was held by the Supreme Court of Tennessee in Maynard v. State, 9 Baxt. (68 Tenn.) 225, that in all cases where the Legislature had made the performance of any duty pertaining to an office a condition upon which fees are to be paid an officer was not entitled to demand his fees until such duties were performed.

By section 6402 of Shannon's Code, subsec. 18, a sheriff is allowed for levying an execution on property, $1 for each execution so levied. By subsection 19 he is allowed "for collecting money on execution," on the first $100, $4; by subsection 20, for every $100 over $100· and not exceeding $300, $3; by subsection 21, for every $100 over $300, $2. There is no statute in Tennessee giving a sheriff in a case like this any special lien for his fees. Nor is he entitled to commissions for levying an execution, unless the money is collected by him or paid to another by virtue of such levy. It will be noted that the commissions provided by the statute are for "collecting" money, and not for merely levying an execution.

· It was held in Harris v. Petigrew, 5 Lea (73 Tenn.) 596, in a case where a bill had been filed to enforce a vendor's lien, and an attachment had been issued and levied on the land by the sheriff, which land was afterwards sold by the clerk and master under a decree of the court, that the sheriff was not ¡entitled to commissions on the amount of the sale, but only entitled to his fee for levying the attachment. In Shau v. Armstrong, 2 Heisk. (49 Tenn.) 420, in a case where, after levy by the sheriff, who was plaintiff in the case, the defendant became bankrupt, and the sheriff agreed to take $500, release the attachment, and prove his debt in bankruptcy, he was allowed commissions on the $500, but refused commissions on what might be subsequently realized in bankruptcy.

A very interesting, instructive, and well-considered case on this question is that of Matter of Edward H. Jennings, 8 Am. Bankr. R. 358, decided by Mr. Hotchkiss, referee for the Western district of New York, August 19, 1902. In this case the referee cites practically all the cases decided up to that time, so far as investigation has revealed, bearing upon this question. Many of the cases are reviewed, and in the case it was held that under the laws of New York a sheriff's lien is incident to an attachment or execution creditor's lien, and falls with it, and that under the New York statutes such officer was not entitled to payment out of the bankrupt's assets for fees on an execution levied within four months of the bankruptcy.

[1] What is said in this case relative to the New York statutes applies with equal force to the Tennessee statutes. Under section 67f of the Bankruptcy Act of 1898, the judgments, as well as the executions based thereon and the levies under the executions, in the instant case, were nullified by the bankruptcy proceedings, as there was no order of the court, within the proviso of this section, which would have saved any lien existing by virtue of the levy of such execution. In re Richards (D. C. Wis.) 2 Am. Bankr. Rep. 516, 95 F. 258; In re Storm (D. C. N. Y.) 4 Am. Bankr. Rep. 601, 103 F. 618; In re Stout (D. C. Mo.) 6 Am. Bankr. Rep. 505, 109 F. 794; In re Benedict, 8 Am. Bankr. Rep. 463, 37 Misc. Rep. 230, 75 N. Y. S. 165; Ricks v. Smith, 40 Am. Bankr. Rep. 25, 20 Ga. App. 491, 93 S. E. 116; Matter of Community Stores of Iowa, Inc. (D. C. Iowa) 49 Am. Bankr. Rep. 110, 282 F. 328; Ades v. Caplin, 41 Am. Bankr. Rep. 391, 132 Md. 66, 103 A.

94, L. R. A. 1918D, 276; Finney v. Knapp Co., 37 Am. Bankr. Rep. 437, 145 Ga. 400, 89 S. E. 413. Consequently, as no money came into the hands of the sheriff by reason of such levies, under the statutes of Tennessee as construed by the Supreme Court of the state, the sheriff was not entitled to commissions for levying the executions, unless he had collected moneys thereunder, or the same had been paid as a result of such levies. He is therefore not entitled to recover any amount either as a prior claim or as a general creditor by reason of the claim for commissions.

[2] Under the Tennessee statutes above cited the sheriff was entitled to $1 each for levying the two executions. As against those entitled to any funds in the case wherein the executions were levied, the sheriff would have been entitled to have his costs thus earned paid before any distribution could have been made of such funds. But, under the authority of the Jennings Case, with which reasoning I fully agree, when the bankruptcy proceedings were instituted, the sheriff stood in the same plight as any other creditor whose claims were not declared entitled to priority by virtue of the provisions of the Bankruptcy Act. There is nothing under the law that would entitle him to stand on any higher ground than any ordinary creditor of the bankrupt.

It is insisted on behalf of the sheriff that when the executions were levied the sheriff became the party responsible for the property levied on, and that in law the title to the property was for the time being vested in the sheriff. If the contention of the sheriff be granted, nevertheless his possession and right to the property, as well as all steps taken pursuant to the levy of the executions, were interrupted by the bankruptcy proceeding, and under the law the trustee became entitled to the property pending the determination of the questions in the bankruptcy court. By operation of law the sheriff in the first instance was put in possession temporarily of the property in question. By operation of law he was deprived of this possession upon the filing of the petition in bankruptcy and the adjudication thereunder. The sheriff is thus protected. In any event it would be difficult to see how this could be considered on the question of his right to commissions under the statutes of Tennessee.

The opinion of the referee is in all things confirmed, and an order will be accordingly prepared.