## FISCHER *v.* PAULINE OIL & GAS CO.

No. 239. Submitted December 12, 1939.—Decided February 26, 1940.

*Mr. Claude H. Rosenstein* submitted for petitioner.

*Mr. Charles E. France* submitted for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

An appeal taken in this case was dismissed for want of jurisdiction. Section 237 (a), Judicial Code, as amended by the Act of February 13, 1925 (43 Stat. 936 937). Treating the papers whereon the appeal was allowed as a petition for writ of certiorari as required by

§ 237 (c), Judicial Code, as amended (43 Stat. 936, 938), we granted certiorari, 308 U. S. 509, because the judgment of the Supreme Court of Oklahoma[1] is based upon a construction of § 67 (f) of the Bankruptcy Act of 1898,[2] which raises an important question concerning the operation of the section, not settled by decision of this court, on which state courts have reached conflicting conclusions.

The petitioner brought action to quiet his title to an oil and gas lease and to gain possession of the leased premises together with materials, machinery, tools, and appliances thereon, and for mesne profits, and damages. His claim was based on a sheriff's deed consummating an execution sale under a judgment entered upon an award of the State Industrial Commission against Geraldine Oil Company. . The respondent's title was derived through a conveyance by an assignee for the benefit of creditors of the same company, confirmed by a bankruptcy court. The respondent cross-petitioned for a judgment declaring the sheriff's sale to petitioner void and quieting respondent's title. The trial court directed a verdict for petitioner and entered judgment thereon, which the Supreme Court reversed.

August 30, 1934, the Commission made an award to one Rainbolt against Snyder, as employer, and Geraldine Oil Company, as owner of the property. For payment of the award Geraldine Oil Company was secondarily liable.

October 11, 1934, Geraldine Oil Company, being insolvent, assigned the property in question to a trustee for the benefit of creditors.

---

[1] *Pauline Oil & Gas Co.* v. *Fischer,* 185 Okla. 108; 90 P. 2d 411.

[2] 11 U. S. C. § 107 (f). The provisions of § 67 (f) of the Bankruptcy Act of 1898 are now carried over into, modified and clarified by chapter VII, § 67a, (1), (2), (3) and (4) of the Chandler Act of June 22, 1938, 52 Stat. 840, 875. The question here presented, however, may arise under the later Act.

December 8, 1934, the award in favor of Rainbolt was filed of record in a State District Court and became a judgment of that court.

January 21, 1935, the assignee for the benefit of creditors sold the property to the respondent.

September 13, 1935, execution issued on the Rainbolt judgment, and, September 17th, the sheriff levied on the property as property of the Geraldine Oil Co. The execution was issued on the theory that the assignment for the benefit of creditors was invalid, and the property, therefore, remained that of the assignor.[3]

October 24, 1935, Geraldine Oil Company was adjudged a voluntary bankrupt in the District Court of the United States for Western Oklahoma.

November 12, 1935, the sheriff sold the property, pursuant to the execution, and the petitioner bought it. A notice of the adjudication in bankruptcy was read at the sale in the presence of the petitioner. On the same day the sheriff made return of the sale to the court out of which the execution issued.

November 21, 1935, the trustee in bankruptcy filed in that court his objections to the confirmation of the sheriff's sale, alleging, *inter alia,* that Geraldine Oil Company was insolvent when Rainbolt obtained judgmen: and had been so ever since; that the company had been adjudicated a bankrupt within four months of the securing of the lien under the execution, and that, by virtue of § 67 (f) of the Bankruptcy Act, the lien was absolutely void.

March 28, 1936, the court ordered that the sale be confirmed and granted the trustee in bankruptcy an exception to its action. The latter gave notice of appeal to the Supreme Court of Oklahoma, but it does not appear that he perfected an appeal. The order of confirmation was entered of record April 22, 1936.

---

[3] See *Wells* v. *Guaranty State Bank,* 56 Okla. 688; 156 P. 896; *First State Bank* v. *Bradshaw,* 174 Okla. 268; 51 P. 2d 514.

June 4, 1936, the respondent petitioned the United States District Court for confirmation of the sale of the property made to the respondent by the assignee for the benefit of creditors on January 21, 1935. The trustee in bankruptcy objected, but subsequently withdrew his objections and the referee made an order confirming the sale. The assignee then paid to the trustee the consideration received by him from the respondent as purchaser at the assignee's sale. It does not appear that the petitioner had notice of the application or was present at the hearing.

June 10, 1936, the sheriff delivered a deed to the petitioner as purchaser at the execution sale.

Both petition and answer allege that the respondent was in possession of the property at the time suit was brought, and we may assume that the petitioner never was in possession.

The Supreme Court held that entry of the Commission's award in the State Court made it a judgment of that court; that such judgment did not constitute a lien on the property of Geraldine Oil Company in question; and that no lien was acquired until the levy of execution on September 17, 1935, about a month prior to the adjudication of the company as a bankrupt.

The respondent asserted that, as the judgment in favor of Rainbolt was not a lien when Geraldine Oil Company assigned for the benefit of creditors, or when the assignee sold the property to the respondent, its title must prevail; and, in the alternative, that the same result must follow from the fact that since the lien of the levy was obtained less than four months prior to the filing of the petition in bankruptcy, it was voided by § 67 (f).

The Supreme Court stated that, if either of these contentions were sound, the petitioner could not prevail. It expressly declined to consider the efficacy of the sale by the assignee for the benefit of creditors to pass title

to the respondent clear of the lien of the subsequent levy, and rested its decision upon its view of the effect of § 67 (f). Since the judgment is based exclusively upon a federal ground, we have jurisdiction.

Section 67 (f) provides:

"All levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, . . . shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien, . . . shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect: *Provided*, That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

The court held that the section, *proprio vigore,* nullified the lien of the levy so that the property passed to the trustee discharged thereof, and concluded that, since, at the time of the sheriff's sale, the property was discharged of the lien, the sale, and the deed delivered pursuant to it, were void; and, as a trustee's sale would pass title clear of the lien, the same result would follow from the bankruptcy court's validation, with the trustee's consent, of the assignee's sale previously made.

The question is whether the state court was right in holding that, by force of § 67 (f), the adjudication in bankruptcy automatically discharged the lien of the levy, irrespective of any action on the part of the trustee. Expressions supporting this view may be found in cases decided by federal courts,[4] and statements squinting in the same direction have been made by this court.[5] In none of these instances, however, was the litigation between third parties, or between the lienor or one claiming title under an execution sale, and an opponent deriving title from the trustee in bankruptcy. In all of them a bankruptcy receiver or trustee instituted action in the bankruptcy court or some other court, or became a party to the proceeding in which the lien was acquired, to avoid the lien, or the bankrupt brought suit to avoid the lien as to property set apart to him as exempt in the bankruptcy case.

Some state courts have definitely held that the adjudication operates automatically to nullify the lien, which must be treated as void whenever and wherever drawn into question, either in a direct or a collateral proceeding, and whether the trustee in bankruptcy has taken the property into his possession or abandoned it.[6]

[4] *In re Tune*, 115 F. 906; *In re Beals*, 116 F. 530; *In re Federal Biscuit Co.*, 214 F. 221, 224.

[5] *Clarke* v. *Larremore*, 188 U. S. 486, 488; *Chicago, B. & Q. R. Co.* v. *Hall*, 229 U. S. 511, 514; *Lehman Stern & Co.* v. *S. Gumbel & Co.*, 236 U. S. 448, 454.

[6] *Mohr & Sons* v. *Mattox*, 120 Ga. 962; 48 S. E. 410; *Hobbs* v. *Thompson*, 160 Ala. 360; 49 So. 787; *Finney* v. *Knapp Co.*, 145 Ga. 400; 89 S. E. 413; *Greenberger* v. *Schwartz*, 261 Pa. 265; 104 A. 573; *Archenhold Co.* v. *Schaefer*, 205 S. W. 139 (Tex. Civ. App.); *Morris Fertilizer Co.* v. *Jackson*, 27 Ga. App. 567; 110 S. E. 219; *Mack* v. *Reliance Ins. Co.*, 52 R. I. 402; 161 A. 134; *Whittaker* v. *Bacon*, 17 Tenn. App. 97; 65 S. W. 2d 1083; *Bank of Garrison* v. *Malley*, 103 Tex. 562; 131 S. W. 1064. Compare, *Kellogg-Mackay-Cameron Co.* v. *Schmidt Baking Co.*, 101 Ill. App. 209; *Keystone Brewing Co.* v.

On the other hand, it was said in *Taubel-Scott-Kitz-miller Co.* v. *Fox,* 264 U. S. 426, 429: "For the statute does not, as a matter of substantive law, declare void every lien obtained through legal proceedings within four months of the filing of the petition in bankruptcy." The court there pointed out that, a number of issues of fact must be resolved before it can be determined that the lien is void. And, in *Pigg & Son* v. *United States,* 81 F. 2d 334, 337, it was held that liens obtained in judicial proceedings within four months of the filing of the petition are not void, but voidable in a proper suit, and that the property affected by the lien does not automatically pass to the trustee, discharged of the lien.

In *Connell* v. *Walker,* 291 U. S. 1, 3, this court indicated that the operation of § 67 (f) is not automatic, since the trustee in bankruptcy has an election either to avoid the lien, or to be subrogated to it for the benefit of the bankrupt estate.

A number of state courts have held, and we think rightly, that the section is intended for the benefit of creditors of the bankrupt and, therefore, does not avoid liens as against all the world but only as against the trustee and those claiming under him.[7]   It is settled, however, that not only may the trustee avoid the lien (*Taubel-Scott-Kitzmiller Co.* v. *Fox, supra; Connell* v. *Walker, supra*), but that the bankrupt may assert its invalidity as respects property set apart to him as exempt in the bankruptcy proceeding. *Chicago, B. & Q. R. Co.* v. *Hall,* 229 U. S. 511. But the lien is not avoided for the

---

*Schermer,* 241 Pa. 361; 88 A. 657; *Lamb* v. *Kelley,* 97 W. Va. 409; 125 S. E. 102.

[7] *Frazee* v. *Nelson,* 179 Mass. 456; 61 N. E. 40; *Swaney* v. *Hasara,* 164 Minn. 416; 205 N. W. 274; *Hutchins* v. *Cantu,* 66 S. W. 138 (Tex. Civ. App.); *Equitable Credit Co.* v. *Mille*, 164 Ga. 49; 137 S. E. 771; *Neugent Garment Co.* v. *U. S. Fidelity & G. Co.,* 202 Wis. 93; 230 N. W. 69.

benefit of the bankrupt save as to his exempt property or nullified as respects other lienors or third parties.[8]

Although § 67 (f) unequivocally declares that the lien shall be deemed null and void, and the property affected by it shall be deemed wholly discharged and released, the section makes it clear that this is so only under specified conditions. At the date of creation of the lien the bankrupt must have been insolvent; the lien must have been acquired within four months of the filing of the petition in bankruptcy; and the property affected must not have been sold to a bona fide purchaser. Furthermore, the lien is preserved if the trustee elects to enforce it for the benefit of the estate. These conditions create issues of fact which, as between the trustee, or one claiming under him, and the lienor, or one claiming by virtue of the lien, the parties are entitled to have determined judicially. The courses open to the trustee under the Bankruptcy Act of 1898 were to proceed to have the lien declared void, by plenary suit,[9] or by intervention in the court where it was obtained,[10] or by applying, in the bankruptcy cause, to restrain enforcement,[11] as might be appropriate in the circumstances.

In the instant case the trustee intervened in the state court and opposed the confirmation of the execution sale

[8] See the cases in Note 7, *supra*, and *McCarty* v. *Light*, 155 App. Div. 36; 139 N. Y. S. 853; *Travis* v. *Bixler Co.*, 20 Cal. App. 2d 279; 66 P. 2d 1263; *Danby Millinery Co.* v. *Dogan*, 47 Tex. Civ. App. 323; 105 S. W. 337; *Smith* v. *First National Bank*, 76 Colo. 34; 227 P. 826; *Taylor* v. *Buser*, 167 N. Y. Supp. 887.

[9] See *Taubel-Scott-Kitzmiller Co.* v. *Fox, supra*.

[10] 11 U. S. C. § 29 (b). See *Lehman Stern & Co.* v. *S. Gumbel & Co.*, 236 U. S. 448; *Isaacs* v. *Hobbs Tie & Timber Co.*, 282 U. S. 734.

[11] *Clarke* v. *Larremore*, 188 U. S. 486. The Chandler Act, § 67a (4), 52 Stat. 876, vests summary jurisdiction in the bankruptcy court to hear and determine, after notice to the parties in interest, all questions affecting the validity of the lien.

on the ground that § 67 (f) had avoided and discharged the lien of the levy. The issue was decided against him and he did not appeal. Later, when the respondent, who had purchased at the assignee's sale, asked the bankruptcy court to confirm that sale, the trustee withdrew his objections to confirmation and accepted from the assignee the consideration received from the respondent as purchaser at the latter's sale. The trustee's acquiescence in the confirmation of the sale to the respondent would seem to be at least a tacit assertion that the levy of the execution did not constitute an encumbrance upon respondent's title. But we think, if in other circumstances the trustee's conduct could amount to an election to avoid the lien, it can have no such effect here, in view of the prior decision against him on that issue in the state court.

We are of opinion that the trustee, having raised the issue in the state court, was bound by the final decision of that tribunal. The estoppel of the judgment of the state court extended not only to him but to the respondent as his transferee. This conclusion requires reversal of the judgment.

We do not pass upon the question whether the title of the respondent, derived from the sale of the property to it by the assignee for the benefit of creditors, is, by virtue of that sale, superior to the title of the petitioner. This is a question of state law which the court below remains free to decide.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

Mr. Justice Murphy took no part in the consideration or decision of this case.