Hillsborough,
June 6, 1950. } No. 3920.

LOUIS SPEKIN *& a. v.* CHARLES CARON.

*J. Morton Rosenblum* (by brief and orally), for the plaintiffs.

*Maurice A. Broderick* (by brief and orally), for the defendant.

BLANDIN, J. The nub of the defendant's case as set forth in his brief is that the jurisdiction of the state court was suspended by the filing of the bankruptcy petition on November 26, 1948, and that all orders made by it since then are invalid. Among other reasons in support of his position he stresses the filing of a petition for an arrangement on February 1, 1949. It appears to us that this claim must be rejected and the orders and judgments of the Superior Court sustained. Viewing the facts here it seems that the state court having obtained jurisdiction maintains it and may issue valid judgments and orders. The Trial Justice properly ruled that to avoid the liens under Bankruptcy Act (11 U. S. C. A., s. 107f) the burden was on the defendant to show that he was insolvent when the attachments were made. *Fischer* v. *Pauline Oil Co.*, 309 U. S. 294, rehearing denied 309 U. S. 697; 4 Collier, Bankruptcy, 14th (ed.), ss. 67.05, 70.06; 8 C. J. S., Bankruptcy, s. 247. The schedule filed by the defendant showed assets in excess of his liabilities and there has been no adjudication of bankruptcy nor any evidence tending to indicate insolvency at the time in question. The Court's findings as well as his ruling appear sustainable. See *Goddard* v. *Hazelton, ante,* 231.

In the absence of any objection by a trustee or anyone claiming under him for the benefit of creditors the plaintiffs would ordinarily be entitled to pursue their remedy against this defendant, who was not shown to be insolvent when the liens were obtained, in the court which first acquired jurisdiction. *Wilkinson* v. *Goree,* 18 F (2d) 455, certiorari denied, 274 U. S. 761; *Smith* v. *Bank,* 76 Colo. 34; 5 Remington, Bankruptcy (4th *ed.*), ss. 2042, 2067, 2068; 8 C. J. S., Bankruptcy, s. 261, (a, b). Under the facts here we do not believe the filing of a petition for an arrangement on February 1, 1949, *ipso facto* overcame the general rule so as to avoid the attachments or divest the Superior Court of jurisdiction. *Tiebout* v. *Milton,* 143 F. (2d) 585; *McKenzie* v. *Bank of Georgia & a.;* 76 Ga. App. Rep. 539. See also, *Fischer* v. *Pauline Oil Co.,* 309 U. S. 294. It follows that the order must be

*Exceptions overruled.*

All concurred.