## LASSWELL v. STEIN–BLOCK CO. et al.
## In re COHN.
## No. 8317.

Circuit Court of Appeals, Fifth Circuit.

Dec. 21, 1937.

Russell Allen, W. B. Harrell, and M. L. Ungerman, all of Dallas, Tex., for appellant.

S. P. Brooks and G. H. Penland, both of Dallas, Tex., for appellees.

Before SIBLEY and HUTCHESON, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Joe Cohn filed a voluntary petition in bankruptcy April ·2, 1936. Within four months prior thereto, two creditors, appellees here, secured attachment liens on some of Cohn's property in state court suits. Validity of said liens are contested by Cohn's trustee, appellant here.

Cohn's debts aggregated $9,500. His assets, exclusive of his homestead and certain other chattels, aggregate about $3,000 in value. The homestead, community property of the bankrupt and his wife, was valued at $12,000. The debts in question are community debts. Validity of appellees' attachment liens depends upon whether or not the bankrupt's community homestead should be included as an asset in determining his solvency at the time of the attachment levy. If so, the liens are valid because the bankrupt was then solvent. See the cases cited in Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. If not, the liens are invalid because they worked a preference and were obtained through legal proceedings against an insolvent within four months prior to the filing of the bankrupt's petition. 11 U.S.C.A. § 107. The District Court included the homestead and held the liens valid. The trustee appeals.

Appellant contends that the homestead should not be included in determining solvency, primarily because in Texas a community homestead is regarded not merely as property shielded from forced sale, but as "an estate in land" sui generis, which cannot be sold by the owner, if a married man, without the consent of his wife. Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W. 2d 35; Cocke v. Conquest, 120 Tex. 43, 35 S.W.2d 673. From this premise appellant concludes that since this homestead was not available to the bankrupt to pay his debts, it should not be included in computing his solvency.

In Pirie v. Chicago Title & Trust Co., 182 U.S. 438, 451, 21 S.Ct. 906, 911, 45 L.Ed. 1171, 1178, it is pointed out that the Bankruptcy Act of 1898 has "made its definition of insolvency, whatever the effect may be, and has determined by that definition consequences, not only to the debtor, but to his creditors."

The definition of insolvency adopted in the act of 1898 was designed to eradicate the great confusion that had grown up un-

der the act of 1867, 14 Stat. 517, by providing a more precise definition resting largely upon mathematical computation of value rather than upon ability to pay debts. Under the act of 1898, a person is deemed insolvent when "the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." Bankruptcy Act, § 1(15), 11 U.S. C.A. § 1(15). Appellant asserts that since this community homestead is "an estate in land" which the bankrupt could not alienate without the consent of his wife, it is not "his" property within the meaning of the Bankruptcy Act. But that is a non sequitur. The power to alienate is but one of the incidents of property. The word "property" is used in section 1(15) of the Bankruptcy Act in a broad sense. It is not limited to property available to pay the bankrupt's debts. What is said in Woods v. Alvarado State Bank and Cocke v. Conquest, supra, should be taken in connection with the question there under consideration, which was whether or not the lands involved in those cases constituted homesteads. No question of reckoning the value of those lands in determining the solvency of the debtors was involved, as to which see Burkett v. Simmons Hardware Co., Tex.Civ.App., 52 S.W. 2d 675.

▆▆▆ The language of section 1(15) of the Bankruptcy Act is explicit and unambiguous, leaving no room for construction. But one exception is made as to the property to be reckoned in computing insolvency, and that is property conveyed or concealed, or permitted to be conveyed or concealed, with intent to hinder, defraud, or delay creditors. The courts have consistently declined to broaden the exclusion. Conceding the nature of a community homestead in Texas and the husband's lack of power to alienate it without the consent of his wife, as held in the Texas cases above cited, we hold that such exempt homestead should be included in computing solvency, since there is no indication of congressional intent to exclude any property other than that conveyed or concealed to hinder or delay creditors. We are not concerned with the rationale of the act. Its terms are plain; judicial interpretation should conform. In re Crenshaw, D.C., 156 F. 638; In re Bau-

mann, D.C., 96 F. 946; In re Hines, D.C., 144 F. 142; In re Gilmore, 5 Alaska 293; Burkett v. Simmons Hardware Co., Tex. Civ.App., 52 S.W.2d 675.

Affirmed.