CRAIN, Judge.
Plaintiff-appellee filed a rule to show cause why the inscription of a, judicial mortgage resulting from a judgment against the plaintiff and in favor of La-Salle Mortgage and Service Corporation, obtained and filed about two months prior to the plaintiff’s adjudication as a bankrupt, should not be cancelled. The rule was filed against LaSalle Mortgage Corporation and Perry M. Johnson, the Clerk of Court and Ex-officio, Recorder of Mortgages for the Parish óf East Baton Rouge. Originally the trial judge ordered the rule recalled, vacated and set aside. The matter was appealed, 252 So.2d 708, and we were unable to determine from the record whether LSA-R.S. 9:5166, enacted as acts 1970, No. 588, was applied by the trial judge in reaching his determination. Therefore, the matter was remanded to the trial judge to provide the defendant-in-rule, LaSalle Mortgage Corporation the opportunity to introduce evidence to sustain its burden of proof under LSA-R.S. 9:5166.
The trial judge subsequently set a hearing and rendered judgment in favor of plaintiff-in-rule, ordering that the inscription of the judgment be cancelled from the records of East Baton Rouge Parish. From that judgment defendant, LaSalle Mortgage Corporation, has appealed.
Plaintiff-appellee filed a motion to dismiss the present appeal on the grounds that this Court remanded the case to the trial court to determine whether or not the defendant-appellant had sufficient opportunity to present evidence to sustain its burden of proof. The trial judge allowed the admission of documents which tended to prove the market value of the property, and the balance due on certain mortgages against the property at the time of the adjudication. The trial judge was correct in allowing the admission of this evidence, and considering the same in rendering his decision in favor of plaintiff-appellee. By allowing the admission of the additional evidence, the trial judge provided defendant-appellant an opportunity to meet its burden of proof under LSA-R.S. -9:5166 and made a new determination on the merits which determination is subject to review by this court.
On appeal defendant-appellant also files an exception of prescription ba'sed on the time period referred to in LSA-R.S. 9:5166. Suffice to say that we do not find the time limit provided for in the statute to be a prescriptive period, but rather a period before which a suit to cancel the inscription of a judgment would be premature.
Addressing ourselves to the merits of this case, the record reveals that LaSalle obtained a judgment against Rudolph D. Kayda on June 23, 1964. The plaintiff *173 thereafter was adjudicated a bankrupt on August 21, 1964, and discharged as such on April 22, 1965. At the time of the adjudication, Kayda owned Lot 7, Atlasta Place, with the improvements situated thereon in the City of Baton Rouge. The property was set apart and disclaimed by the Trustee in Bankruptcy to the plaintiff-appellee on September 24, 1964, as exempt property under the homestead exemption law.
Plaintiff-in-rule brought this suit originally under LSA-R.S. 9:5166. This statute provides:
“5166. Cancellation of judgments; discharge in bankruptcy; rule to show cause.
Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy. Added by Acts 1970, No. 588, § 1.”
Plaintiff-appellee sets forth the proposition that at the time of his adjudication in bankruptcy the property which comprised the homestead was encumbered with special mortgages. Further, any equity which plaintiff-appellee had in the property, over and above the mortgage indebtedness is subject to homestead exemption. He "'contends that as a result ■ he ■ had no equity in the property at the time of his adjudication in bankruptcy, and LSA-R.S. 9:5166 gives him the means of cancelling the inscription of the judgment of defendant-appellant. He reaches his conclusion from the language found in the statute that the judgment creditor must prove that he possesses a secured interest in the property, arguing that LaSalle could not have possessed a secured interest on his adjudication in bankruptcy since he had no equity over and above the special mortgages and his homestead exemption to which the judgment could attach. We reject this argument.
The 1970 act created a procedure for the cancellation of inscriptions by rule, provided for necessary parties, and established the burden of proof upon the judgment creditor. In enacting this statute, the legislature did not alter the prior existing substantive law relative to the effect of a judicial mortgage on property owned by the bankrupt at the time of the adjudication.
The law was basically enunciated in the case of Jaubert Bros., Inc. v. Landry, 15 So.2d 158 (La.App.1943). Jaubert involved a suit to reinscribe a judgment where the debtor had taken bankruptcy and the only property set aside to him by the trustee was a homestead bought by him for $1500.00. At bankruptcy he still owed $1300.00 on the property which balance was secured by a vendors lien. The Court in Jaubert stated:
“ . . . If, on the contrary, the defendant had shown in this proceeding, or can show in an appropriate proceeding taken against the judgment creditor, that at the time of the adjudication the property set apart to him as a homestead was worth no more than the balance due on the purchase price, he could have the homestead declared free from the judicial mortgage resulting from the recordation of the judgment . . . ” 15 So.2d at 161 (emphasis supplied)
In order to comprehend the application of LSA-R.S. 9:5166 this language in *174 Jaubert must first be analyzed. Prior to Jaubert the law was that a judgment inscribed prior to the debtor’s adjudication in bankruptcy could not effect property acquired by the debtor after the adjudication in bankruptcy. Schexnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920). As an extension of this rule the Court in Jaubert set forth the proposition that equity accrued by payments made on a secured obligation, affecting the property the bankrupt owned prior to his adjudication in bankruptcy, would be considered as property acquired after adjudication in bankruptcy and therefore not affected by a judgment. Thus when the Court in Jaubert made the above quoted statement they were referring to declaring the property free of the judgment simply because under the existing jurisprudence there was no way for the judgment to become effective against the property where the debtor had no equity at his adjudication in bankruptcy because of outstanding conventionally secured obligations. However, until LSA-R.S. 9:5166 the judgment debtor had no procedural vehicle for removing a judgment from such property. The statute provides this vehicle.
The homestead exemption problem is a different matter. Prior to Jaubert the Supreme Court had held in Schexnailder v. Fontenot, 147 La. 467, 85 So. 207, that a discharge in bankruptcy does not destroy a judicial mortgage on immovable property owned by the bankrupt even though such property is set apart as the debtors homestead. Keeping in mind this rule the following language in Jaubert must also be considered in order to properly limit its holding and the application of LSA-R.S. 9:5166. At 15 So.2d 161, the Court in Jaubert stated,
“ . . . And in case the homestead should ever become subject to execution under the judgment, the defendant can protect himself by claiming out of the proceeds of the sale of the property all amounts which he paid thereon out of funds earned by him after his adjudication in bankruptcy.”
This language undoubtedly implies that the inscription of a judgment on property of a value equal to or less than the homestead exemption is not cancelled. We recognized this rule in United States Fidelity and Guaranty Co. v. Ballard, 250 So.2d 217 at page 220, wherein we stated:
“Moreover, the inscription of the judicial mortgage itself should not have been ordered cancelled from the Mortgage Records; the inscription of the judicial mortgage stays on the Mortgage Records, although the judicial mortgage itself may not encumber property which the bankrupt proves is exempt entirely as a homestead with value equal to or less than $4,000, Louisiana Constitution Article 11, Section 1; Jaubert Brothers, Inc. v. Landry, cited supra, or property acquired by the bankrupt subsequent to his discharge, Huff v. Justice, 174 So.2d 164 (La.App. 4th Cir. 1965).”
Thus where the inability of the judgment creditor to enforce his judgment against the bankrupt is due to the homestead exemption rather than a lack of equity on the part of the bankrupt because of conventional obligations against the property, the law has been, and remains that the inscription of the judgment acquired prior to adjudication in bankruptcy is not cancelled. Were the rule otherwise, the homestead status of the property could change and the judgment creditor would have no recourse.
The evidence herein shows that at the time of adjudication in bankruptcy the debtor’s property had a value of $16,600. It was encumbered by two conventional mortgages. The first mortgage had a balance owed of $11,826.00 and the second mortgage a balance of $1,656.00. Thus the inability of the judgment creditor to enforce his judgment against the property was due to the homestead exemption as well as the prior conventional mortgages. For this reason the trial judge erred in ordering the cancellation of the inscription *175 of the judgment of defendant-appellant. The judgment is reversed and plaintiff-ap-pellee’s suit is dismissed. All cost including the cost of this appeal to be paid by plaintiff-appellee.
Reversed and rendered.