**In the Matter of W. R. WADDELL, Bankrupt.**

**No. 8702–B–1.**

United States District Court,
D. Kansas.

Jan. 30, 1974.

Charles E. Whitman, Lawrence, Kan., for W. R. Waddell, the bankrupt.

John M. Cleary, Kansas City, Mo., for Mrs. Frances Waddell, the bankrupt's wife.

Robert B. Oyler, Lawrence, Kan., for Mr. Donald B. Fleming.

## MEMORANDUM OF DECISION

TEMPLAR, District Judge.

This is an action filed pursuant to 11 U.S.C. § 67(c), and Bankruptcy Rules 801 et seq., for review of an order of the Bankruptcy Judge in the above entitled matter. In accordance with his findings of fact and conclusions of law on this issue, the Bankruptcy Judge denied the bankrupt's application under Section 67(a) of the Act, 11 U.S.C. § 107(a), to determine a lien on his real property in Douglas County to be null and void. The pertinent facts are not in dispute and there has been a stipulation filed for the purpose of this appeal which narrows the issue to a purely legal question.

Donald E. Fleming, d/b/a Gardner Grain Company of Gardner, Kansas, obtained a judgment in the District Court of Douglas County, Kansas, against M. R. Waddell, the bankrupt herein, on November 22, 1971. On December 21, 1971, Mr. Waddell filed his voluntary petition in bankruptcy. (The stipulation, however, erroneously states the time of the filing of the voluntary petition in bankruptcy to be September 15, 1971,

rather than December 21, 1971, as indicated elsewhere in the record.) Under the laws of Kansas, K.S.A. 60–2202, judgments of courts of record are liens on the real estate of the debtor within the county in which the judgment is rendered. Under Section 67(a) of the Bankruptcy Act, a lien against the property of the bankrupt obtained by judgment within four months before the filing of the bankruptcy petition shall be deemed null and void if the bankrupt was insolvent at the time the lien was obtained. 11 U.S.C. § 107(a)(1). Therefore, the only factual issue involved is the solvency of the bankrupt on November 22, 1971.

It has been stipulated that the financial condition of the bankrupt was substantially the same on November 22, 1971, as it was when he filed his voluntary petition in bankruptcy on December 21, 1971. It is further stipulated that if the bankrupt's equity in his farm, which he has claimed as exempt property, is to be considered as an asset for the purpose of determining his solvency at that time, then his assets were greater than his liabilities and he would not be insolvent as defined by the Act. Conversely, if the exempt property is not to be included as an asset to determine the bankrupt's solvency, then the lien on his real property would be nullified since it was obtained within four months of filing the petition and at a time when Mr. Waddell was insolvent.

Insolvency is defined in the Bankruptcy Act as follows:

"A person shall be deemed insolvent within the provisions of this title whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts;" 11 U.S.C. § 1(19).

Whether or not the value of exempt property should be considered in determining the issue of insolvency is one of those rare legal issues upon which there seems to be no dispute. The cases uniformly hold that even though the property may be exempt under state law, it is still to be considered as an asset in determining the debtor's solvency under the Act. See, e. g., Lasswell v. Stein-Block Co., 5 Cir., 93 F.2d 322; Clifton Mercantile Co. v. Conway, Tex.Civ.App., 264 S.W. 192; Webb v. First Texas Chemical Mfg. Co., Tex.Civ.App., 86 S.W.2d 818; and, In re Cohn, D.C., 16 F. Supp. 644, aff'd 5 Cir., 93 F.2d 322.

The reason for the unanimity of the courts is the explicit language of the Act. It excludes expressly certain property of the debtor, and almost by absolute inference it includes exempt property to ascertain the amount of the debtor's assets. In re Hines, D.C., 144 F. 142. In addition, some courts have relied upon the theory that the property is not exempt until the debtor elects to make it exempt, and therefore it should be included in determining his assets since he may use that property to pay his debts if he chooses to do so. In re Gilmore, 5 Alaska 293.

In reaching his conclusion, the Bankruptcy Judge quotes at length from 1 Collier on Bankruptcy, 14th Ed. This Court is convinced that that treatise aptly states the well-settled law on the issue at bar. At page 110 of that volume it is said,

"The definition in question likewise fails to exclude property which is exempt under state law and such assets should therefore be valued in determining the question of the alleged bankrupt's insolvency."

For similar encyclopedic conclusions see 9 Am.Jur.2d, Bankruptcy, § 161, and 1 Remington on Bankruptcy § 117.

It is the opinion of this Court that the findings and conclusions of the Bankruptcy Judge on this matter are correct, and, for the reasons stated, his order shall be affirmed.

It is so ordered.