In the Matter of M. R. WADDELL, Bankrupt-Appellant,

v.

Donald E. FLEMING, d/b/a Gardner Grain Co., Respondent-Appellee.

No. 74–1135.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 23, 1974.

Decided Jan. 29, 1975.

Certiorari Denied June 16, 1975.

See 95 S.Ct. 2629.

John M. Cleary, Kansas City, Mo. (Charles E. Whitman, Lawrence, Kan., on the brief), for bankrupt-appellant.

Robert B. Oyler, Lawrence, Kan. (James E. Salyer, Lawrence, Kan., on the brief), for respondent-appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This bankruptcy appeal presents the question whether a farm of a bankrupt which is exempt property as a homestead under Kansas law is to be included among his assets in determining whether he is insolvent within the meaning of § 67a of the Bankruptcy Act, 11 U.S. C.A. § 107(a). The Bankruptcy Judge held the property is so included and the

District Court agreed. 388 F.Supp. 643. We affirm.

Briefly the facts are as follows. Prior to July 22, 1971, appellee Fleming filed suit in the District Court of Douglas County, Kansas, against appellant Waddell to recover for sales of feed to Waddell from July, 1969, through December, 1970. On November 22, 1971, judgment was obtained by Fleming in the amount of $11,261.63, plus interest.

This judgment became a lien on the real estate—a 160 acre farm—owned by Waddell, under the provisions of K.S.A. § 60–2202. Execution was issued on the judgment and the land was to be sold by the sheriff of Douglas County, Kansas, on January 11, 1972. However on December 21, 1971, Waddell filed a voluntary petition in bankruptcy in the United States District Court for the District of Kansas, and thereafter obtained a stay of execution of the sale.

The bankruptcy schedules filed by Waddell listed secured creditors' claims totaling $22,000, priority claims in the amount of $400, and unsecured creditors' claims in the amount of $13,584. This latter sum included the $11,261 judgment of Fleming. The schedules listed assets consisting primarily of the farm, in which Waddell's interest was estimated at $100,000. In addition, some items of personal property were listed, including an automobile and household goods valued at $1,180. In the summary of debts and assets in Waddell's schedules, total debts listed were $35,984, and total assets listed were $101,211.

However, Waddell claimed all of his assets as exempt property, the farm being claimed as a homestead.[1] Following a contested hearing on December 1, 1972, the farm was found to qualify as a homestead and was set off as exempt, together with other items of personal property, on December 8, 1972.

On January 9, 1973, Waddell filed an application under § 67a of the Bankrupt-

cy Act seeking to have the lien of the judgment in favor of Fleming declared null and void on the ground that it was obtained within four months before the filing of the petition in bankruptcy at a time when Waddell was insolvent as defined in § 1(19) of the Bankruptcy Act, 11 U.S.C.A. § 1(19).

It was stipulated that Waddell's financial condition was substantially the same on the date the judgment in favor of Fleming was rendered as it was at the time Waddell filed his petition in bankruptcy. (R. 46, 48). Thus it is apparent, and was further stipulated (R. 46), that whether Waddell was insolvent when Fleming's lien was obtained turns on whether his exempt property, in particular his equity in the homestead, is considered as an asset for the purpose of determining insolvency with respect to the application to avoid the judgment lien under § 67a.

Appellant Waddell contended that, in determining the issue of insolvency, one must first deduct from the aggregate of the bankrupt's property all of his exemptions. As stated, the Bankruptcy Judge rejected this contention and went on to hold that Waddell had failed to sustain the burden of proving that he was insolvent at any time within the four-month period preceding the filing of his petition in bankruptcy. (R. 26–28). He found that Waddell was not insolvent within the meaning of the Bankruptcy Act when Fleming's judgment lien was obtained or at any time within the four-month period preceding the filing of his bankruptcy petition. (R. 22). The views of the Bankruptcy Judge were sustained by the District Court (R. 48–50), and this appeal followed.

Section 67a of the Bankruptcy Act provides, in relevant part, as follows:

Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition

---

1. In the summary of debts and assets in Waddell's schedules (R. 15), the exemptions claimed were $101,211—the total of his property. However, in schedule B–5 (R. 13), where exemptions are claimed, the total value claimed was $100,200.

initiating a proceeding under this Act or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent . . ..

■ Under the statute the insolvency of the bankrupt is a condition precedent to the voiding of a lien. As the person seeking the benefit of § 67a to avoid the lien, the burden was on Waddell to establish his insolvency at the time the lien was obtained. See 4 Collier on Bankruptcy, ¶ 67.05 at 99–100 (14th ed. 1971).

On this appeal, appellant Waddell first contends that Fleming, having been a party to the adjudication of bankruptcy, is now estopped to deny that Waddell was insolvent on the date of the judgment creating the lien. He advances the following syllogism in support of this argument: (1) the adjudication of bankruptcy establishes that he, Waddell, was insolvent on that date, and this determination is now both res judicata and the law of the case; (2) it is stipulated that his financial condition was substantially the same on the date the judgment creating the lien was rendered as it was at the time of the filing of the petition in bankruptcy (R. 46); and (3) therefore, he must have been equally as insolvent at the time Fleming obtained his judgment lien as at the time he was adjudicated bankrupt.

■ We reject this contention because the conclusion drawn is not sound. It does not necessarily follow that, because Waddell's financial condition was substantially the same on the date of the state court judgment as it was on the date he filed for bankruptcy, the adjudication of bankruptcy determines his insolvency for purposes of § 67a on the former date. Bankruptcy and insolvency for purposes of § 67a are two different legal conclusions and facts supporting one do not necessarily support the other. The question of Waddell's insolvency on the date the judgment lien was obtained, for purposes of § 67a, was not at issue and was in no way determined by the adjudication of his bankruptcy. See Lib-

erty National Bank v. Bear, 265 U.S. 365, 370, 44 S.Ct. 449, 68 L.Ed. 1057; 4 Collier on Bankruptcy, ¶ 67.05 at 99–100 (14th ed. 1971). Certainly the Bankruptcy Judge who adjudicated Waddell bankrupt did not believe that adjudication determined the issue of Waddell's insolvency for purposes of § 67a, for he also found that Waddell was not insolvent when Fleming's judgment was obtained.

Since we cannot accept appellant Waddell's argument that the issue of his insolvency is settled by an estoppel or res judicata or the law of the case, we will examine the merits of that issue directly.

The definition of insolvency provided in § 1(19) of the Bankruptcy Act is controlling here with respect to insolvency for purposes of § 67a. That definition is as follows:

A person shall be deemed insolvent within the provisions of this Act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts.

This definition expressly excludes from the aggregate of a person's property only such fraudulent transfers and concealments. It does not expressly exclude property which is exempt under state law. Accordingly, it has been generally held that such exempt assets, including homesteads, are to be considered in determining the question of insolvency for purposes of deciding the validity of liens obtained within the four-month period preceding bank bankruptcy. See e. g., Lasswell v. Stein-Block Co., 93 F.2d 322 (5th Cir.); 1 Collier on Bankruptcy, ¶ 1.19 at 110–11 (14th ed. 1971) (and cases therein cited); but see In re Armstrong, 145 F. 202, 205 (S.D.Iowa), modified sub nom. Coder v. Arts, 152 F. 943 (8th Cir.), aff'd, 213 U.S. 223, 29 S.Ct. 436, 53 L.Ed. 772.

The rulings of the Bankruptcy Judge and the District Court followed this general rule in holding, with respect to

Waddell's application for relief under § 67a, that Waddell's equity in his homestead was to be included in determining his solvency on the date Fleming's judgment was obtained. Waddell does not dispute that the generally accepted view supports rulings. However he urges this court to adopt a construction of § 1(19) in accord with the view expressed in In re Armstrong, supra, which would exclude exempt property in determining solvency. Appellant Waddell argues, inter alia, that this is necessary to obtain consistency in concepts and definitions. He says it is illogical that the exempt property be included to determine solvency here, when neither the trustee nor creditors can reach such property. And he contends that the harmonizing construction suggested is particularly proper since the bankrupt can now invoke § 67 to declare liens void, as well as the trustee.

We cannot agree. The language of § 1(19) is unambiguous. Its intent seems clear. In broad terms it calls for taking into account " . . . the aggregate of [the bankrupt's] property . . .", save only for the limited exclusion for fraudulently conveyed or concealed property. Since the statute unambiguously makes only one general exclusion, we feel we should not recognize another, despite the appealing policy argument made. Rather, we must presume, since only the one general exclusion was made, that Congress intended to go only as far as it did. In re Hines, 144 F. 142, 144 (D.Or.); and see Colorado Public Interest Research Group et al. v. Train et al., 507 F.2d 743 (10th Cir. 1974).

■ As noted above, it was stipulated that if appellant Waddell's equity in his homestead is considered as an asset for the purpose of determining his solvency, his assets were greater than his liabilities on the date when the state court judgment creating the lien in favor of Fleming was rendered. We conclude it was proper to include Waddell's equity in the homestead among his assets for this purpose in connection with the application under § 67a to avoid the judgment lien. Therefore we sustain the finding and conclusion that he was not then insolvent with the meaning of § 67a, and affirm the denial of his application to have the judgment lien declared void.

The case being adequately disposed of on this basis, it is unnecessary for us to consider the question of precisely when Fleming's judgment lien attached for purposes of § 67a.

Affirmed.