MARVIN, Judge.
As assignee of a judgment creditor, plaintiff appeals from a judgment which rejected plaintiff’s demands to reinscribe a money judgment and which released the effect of the money judgment against defendant’s homestead property because the money judgment was recorded within four months of the filing of defendant’s petition in bankruptcy. § 67a of the Bankruptcy Act [11 U.S.C.A. § 107(a)(1)].
This court has considered the effect of a discharge in bankruptcy on a judgment which was recorded more than four months before the petition in bankruptcy was filed.
“Real property liens existing for a proper length of time before the filing of a petition in bankruptcy are not affected by a discharge in such proceeding. Thus, a valid judgment lien is not affected by the discharge of the judgment debtor in bankruptcy, though his personal liability may be released thereby.” (Emphasis supplied.) Henry v. Roque, 18 So.2d 917, 919 (La.App.2d Cir. 1944). See also Socony Mobil Oil Company, Inc. v. Burdette, 309 So.2d 655 (La.1975)
Here the judgment was obtained and recorded within four months of the filing of defendant’s petition in bankruptcy.
The Bankruptcy Act, in § 67a, 11 U.S. C.A. § 107(a)(1), expressly provides:
“Every lien against the property of a person obtained by . judgment, .- . within four months before the filing of a petition [in bankruptcy] . shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: . . . ”
Section 1(19) of the Act provides:
“A person shall be deemed insolvent within the provisions of this title whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not at a fair valuation be sufficient in amount to pay his debts;”
*626 Federal authority, which preempts and controls, now is clear that a judgment recorded within four months of the filing of a petition in bankruptcy may be voidable by either the Trustee or by the bankrupt even though property is set aside or disclaimed by the Trustee to the discharged bankrupt, provided the conditions of the Act are met. Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940), 4 Collier on Bankruptcy § 67.15 at 163 et seq. (14th Ed. 1971), Waddell v. Fleming, 510 F.2d 4 (10th Cir. 1975). See also L.R.S. 9:5166. Exempt property such as the homestead which is set aside to the discharged bankrupt is considered as a part of the aggregate of the bankrupt’s property in determining whether the bankrupt is solvent within the meaning of the Act. Waddell, supra, § 1(19) Bankruptcy Act, supra.
Defendant expressly pleaded below that the judgment in question “. having been recorded within four months of the date of [defendant’s] filing said petition in bankruptcy, was null and void and [should be] cancelled as to any lien against [defendant’s] real estate.” We deem this to be sufficient fair notice pleading to alert the plaintiff that defendant was claiming benefit of § 67a of the Act. Paxton v. Ballard, 289 So.2d 85 (La.1974), Terral v. Bearden, 338 So.2d 141, 144 (La.App. 2d Cir. 1976).
The defendant bankrupt obviously proceeded below on the theory that the plaintiff judgment creditor had no security interest in the judgment because the amount of the homestead exemption and the amount that was owed on a first mortgage on the homestead exceeded the value of the property. L.R.S. 9:5166, Jaubert Bros. v. Landry, 15 So.2d 158 (La.App. 1st Cir. 1943), Kayda v. Johnson, 262 So.2d 171 (La.App. 1st Cir. 1972). The defendant’s homestead exemption then was $4,000 and it was shown that he owed more than $14,000 on a first mortgage on the property that the Bankruptcy Trustee testified was worth only $18,000. In 1969 the defendant still owed $9,000 on the first mortgage indebtedness.[1]
Jaubert concerned a judgment recorded many years before the judgment debtor went bankrupt and the effect of the discharge on that judgment as against the bankrupt’s homestead, purchased for $1,500 but still encumbered by a vendor’s lien on which $1,300 was owed when he went bankrupt. The judgment ordering reinscription “in rem” was affirmed, but the Jaubert court said if the judgment debtor can show that at the time he took bankruptcy, the homestead was worth no more than the balance due on the purchase price, the judgment debtor could have the homestead declared free from the judgment. 15 So.2d at 161. See Kayda v. Johnson, 262 So.2d 171 (La.App. 1st Cir. 1972).
Kayda concerned a judgment recorded within four months of the filing of the petition in bankruptcy. The court there discussed and limited the pronouncement in Jaubert to situations where the creditor’s inability to enforce the judgment was because of the existence of outstanding conventionally secured obligations against the property. 262 So.2d at 174. Kayda refused to cancel the judicial lien because the creditor’s .inability to enforce was not solely because of conventional obligations, but as well, because of the homestead exemption.[2] Both Jaubert and Kayda speak in terms of the bankrupt having an equitable interest in property, the essence of which is solvency *627 of the bankrupt when the lien is obtained. Neither case, however, discussed the express provisions of the Bankruptcy Act, which we deem controlling. It is not the creditor’s inability to enforce his lien which makes the lien voidable by the bankrupt, but the express provisions of the Bankruptcy Act and of state law.
The lien is not automatically null and void against property set aside to the bankrupt, but is voidable (Fischer, supra) only if these conditions are met:
(1) The lien is obtained within the four month period of the filing of the petition in bankruptcy;
(2) The bankrupt is insolvent when the lien was obtained;
(3) The bankrupt is discharged in bankruptcy; and
(4) The property has not been sold to a bona fide purchaser. See Fischer, supra, 309 U.S. at 302, 60 S.Ct. 535.
In Fischer, the Supreme Court said:
“It is settled, however, that not only may the trustee avoid the lien . . . but that the bankrupt may assert its invalidity as respects property set apart to him as exempt in the bankruptcy proceeding . But the lien is not avoided for the benefit of the bankrupt save as to his exempt property or nullified as respects other lienors or third parties.” 309 U.S. at 302, 60 S.Ct. at 539.
Kayda held that the bankrupt had the “vehicle” to annul the lien in L.R.S. 9:5166. 262 So.2d at 174.
In Louisiana, the obligation of a debtor toward the establishment of the family home is a higher obligation than one toward his general creditors. The law favors and has designed an approach for the protection of the homestead. The homestead claimant is himself a creditor, however fictitiously, with other creditors and may outrank general creditors to the proceeds from the sale of the homestead. See Ouachita Nat. Bank in Monroe v. Rowan, 345 So.2d 1014 (La.App. 2d Cir. 1977). Considering this state policy and federal policy under the Bankruptcy Act, with respect to the debtor’s homestead, we hold that a lien on the property, created by the recordation of a judgment at a time when the judgment debtor is insolvent within four months of the filing of a petition in bankruptcy, may be cancelled by a state court upon the petition and proper showing by the judgment debtor who is personally discharged of the debt in the bankruptcy proceedings. § 67a, Bankruptcy Act, R.S. 9:5166, Fischer, Waddell, Collier, supra.
Insolvency of the bankrupt at the time the judicial lien is obtained within the four month period is a condition which must be established before § 67a will be applied. Waddell, supra. This question was not passed on below and we feel it in the interest of justice to remand to allow the taking of evidence and an adjudication on this issue. CCP 2164.
Accordingly, judgment below is set aside and the case is remanded for further proceedings. Assessment of costs shall await final disposition.

. The bankruptcy proceedings were conducted and completed in 1959. Trial on the question of reinscription occurred in 1969. The district judge before whom the matter was tried died after the case was submitted and the matter was eventually decided by a successor district judge some eight years later and appealed here.

. Kayda held: “Thus where the inability of the judgment creditor to enforce his judgment against the bankrupt is due to the homestead exemption rather than a lack of equity on the part of the bankrupt because of conventional obligations against the property, the law has been, and remains that the inscription of the judgment acquired prior to adjudication in bankruptcy is not cancelled. Were the rule otherwise, the homestead status of the property could change and the judgment creditor would have no recourse.” 262 So.2d at 174.