GREENE, Judge.
Plaintiffs secured a judgment against Clarence A. Arnold in the 19th Judicial District Court on December 2, 1974. On February 28,1975, Arnold filed a petition in bankruptcy in the United States District Court for the Middle District of Louisiana and was adjudicated a bankrupt. He was discharged by the bankruptcy court on July 24, 1975. Arnold then filed a rule to have plaintiffs’ judgment cancelled from the parish mortgage records in the 19th Judicial District. From a judgment cancelling this judicial mortgage, Cotton Belt Insurance Company, Inc. appeals.
The trustee in bankruptcy disclaimed and abandoned Arnold’s homestead to him on the basis that there was no equity in the property over and above the homestead exemption and the conventional obligations *995 affecting the property. The record reflects stipulations and exhibits which show that appellant’s judicial mortgage affects Arnold’s homestead which had a fair market value of $13,000 with an outstanding mortgage of $11,105 when he filed his petition in bankruptcy. It was further stipulated that Arnold still owns this homestead.
Arnold filed this rule to cancel appellant’s judicial mortgage under Louisiana Revised Statutes 9:5166, which provides:
“Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”
Arnold maintained that he was exercising his right to have the judgment cancelled under § 67a(l) of the Bankruptcy Act, 11 U.S.C.A. § 107(a)(1), which states:
“Every lien against the property of a person obtained by . judgment, . within four months before the filing of a petition [in bankruptcy] . shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: . . . ”
The Court, in Credit Service Corporation v. Bagley, 364 So.2d 624 (La.App. 2nd Cir. 1978), faced with the question of the effect of § 67a of the Bankruptcy Act on a judgment recorded within four months of the filing by the judgment debtor of a petition in bankruptcy, held:
“Federal authority, which preempts and controls, now is clear that a judgment recorded within four months of the filing of a petition in bankruptcy may be voidable by either the Trustee or by the bankrupt even though property is set aside or disclaimed by the Trustee to the discharged bankrupt, provided the conditions of the Act are met. Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940), 4 Collier on Bankruptcy § 67.15 at 163 et seq. (14th Ed. 1971), Waddell v. Fleming, 510 F.2d 4 (10th Cir. 1975).”
The value of the bankrupt’s homestead in this case exceeded the amount of the conventional obligations existing against it, but did not exceed a total of these obligations and the homestead exemption.
In Kayda v. Johnson, 262 So.2d 171 (La. App, 1st Cir. 1972) the court refused to cancel the judicial lien when presented with a judgment recorded within four months of the filing of the petition in bankruptcy where the creditor’s inability to enforce his judgment against' the bankrupt was due to the homestead exemption rather than a lack of equity on the part of the bankrupt because of conventional obligations against the property.
We are presented here with the question of the effect of § 67a of the Bankruptcy Act on a judicial lien secured within four months of the filing by the debtor of a petition in bankruptcy. It is true, as stated in the Credit Service Corporation case, that no mention was made in the Kayda case of the effect of § 67a of the Bankruptcy Act on this action. After reexamining the decision in Kayda, in light of the express provisions of § 67a of the Bankruptcy Act, for the following reasons we agree with the second circuit in the Credit Service Corporation case that § 67a controls.
The Louisiana Supreme Court, in Schexnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920), recognized that where state law and bankruptcy law conflict, the bankruptcy law prevails, stating:
“(I)t would seem that it was the purpose of Congress, in enacting a national *996 insolvency law, to preserve, rather than destroy, any of the rights or advantages enjoyed by creditors under the laws of the states, save to the extent that they are repugnant to or inconsistent with the specific provisions of the act which it thus passed.”
To the extent that § 67a of the Bankruptcy Act conflicts with Louisiana Revised Statute 9:5166 concerning the right of a bankrupt to cancel a judicial lien secured within four months of his filing of a petition in bankruptcy, § 67a controls and enables the bankrupt to cancel the lien. Chicago, Burlington & Quincy Railroad Company v. Hall, 229 U.S. 511, 33 S.Ct. 885, 57 L.Ed. 1306 (1912). .
Counsel for appellant makes the argument that by virtue of Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, the rights of a bankrupt to avoid liens on exempt property are strictly limited and controlled by the law of the state that created the exemption. We do not agree. Section 6 of the Bankruptcy Act provides:
“This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: Provided, however, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this title for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess.”
We read this provision to mean that the rights and protections provided a debtor by state law are available to a bankrupt in addition to rather than in lieu of the rights and protections provided by the Bankruptcy Act.
Before a lien can be voided under § 67a, it is necessary that the following conditions be met:
(1) The lien is obtained within the four month period of the filing of the petition in bankruptcy;
(2) The bankrupt is insolvent when the lien was obtained;
(3) The bankrupt is discharged in bankruptcy; and
(4) The property has not been sold to a bona fide purchaser.
Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940).
All four of these § 67 conditions precedent to cancelling this judicial lien are satisfied. The lien was obtained within four months of the filing of the petition in bankruptcy; the bankrupt was discharged in bankruptcy; and the property has not been sold to a bona fide purchaser. Also, from the stipulations and exhibits in the record we are satisfied that the bankrupt was insolvent on December 24, 1974, the date when the judicial lien was obtained. Therefore, this judicial lien should be cancelled.
Judgment of the lower court is affirmed.
Appellant is to pay all court costs.
AFFIRMED.